UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JEFFREY JACKSON,

      Plaintiff,      Case No. 1:10-cv-829

v.               Honorable Robert Holmes Bell

FEDERAL BUREAU OF PRISONS et al.,

      Defendants.
_____/

## ORDER DENYING VARIOUS MOTIONS

  This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On September 10, 2010, the Court transferred the action to the Northern District of Texas, Dallas Division for lack of venue (docket ##5). The matter presently is before the Court on four motions filed by Plaintiff: (1) a motion for special accommodation (docket #6); (2) an appeal of the magistrate judge's order transferring venue for reconsideration (docket #8); (3) a motion to clarify the civil complaint; and (4) a motion to disqualify the undersigned.

  The Court construes Plaintiff's appeal of the magistrate judge's order transferring the case as an objection to the magistrate judge's order. Under 28 U.S.C. 636(b), a magistrate judge may be assigned to hear and decide any nondispositive matter. Upon timely objection, a district court will modify or set aside any part of the order that is clearly erroneous or contrary to law. *Id.*; *see also* FED. R. CIV. P. 72(a). Upon review of the objection, the Court finds no error. As the magistrate judge concluded, this district is not a proper venue for Plaintiff's action. *See* 28 U.S.C. § 1391(b). The Court therefore finds that the magistrate judge properly ordered the matter transferred to the

Northern District of Texas. As a result, Plaintiff's objection to the magistrate judge's order of transfer (docket #8) will be denied.

In his motion for special accommodations, Plaintiff seeks the appointment of counsel because of his assorted mental impairments. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur- Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *see Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989). Because Plaintiff's action has been transferred to the Northern District of Texas, any motion to appoint counsel should be brought in that district. The Court therefore will deny without prejudice the motion for special accommodation (docket #6), construed as a motion to appoint counsel.

Plaintiff next moves to clarify his complaint to further explain the nature of his cause of action. Again, inasmuch as the action has been transferred to the Northern District of Texas, Plaintiff's motion should be filed and decided in that district. Accordingly, the Court will deny the motion to clarify (docket #9) without prejudice.

Finally, Plaintiff moves to disqualify the undersigned. Plaintiff alleges that he has brought an action in the state courts against the undersigned. Given that the matter has been transferred and this Court has no further authority over the matter, the motion to disqualify (docket #10) will be denied as moot.

IT IS SO ORDERED.

Dated: October 1, 2010        /s/ Robert Holmes Bell
                              ROBERT HOLMES BELL
                              UNITED STATES DISTRICT JUDGE